# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **HAROLD OWEN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16CV00024 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KMART CORPORATION** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Thomas R. Scott, Jr., Street Law Firm, LLP, Grundy, Virginia, for Plaintiff; Danielle D. Giroux and Kathryn D. Jones, Harman, Claytor, Corrigan & Wellman, Alexandria, Virginia, for Defendant.*

In this diversity action,[1] the plaintiff seeks recovery for injuries he sustained when he slipped and fell on premises of a retail store. The plaintiff contends that the store owner was negligent by failing to keep premises free from dangerous conditions of which it knew or should have known. Based on the undisputed facts, I will grant the defendant's Motion for Summary Judgment.

I.

The essential facts, taken from the summary judgment record and recited in the light most favorable to the nonmovant, are as follows.

---

[1] The plaintiff is a citizen of Virginia and the defendant is a corporation incorporated in Michigan with its principal place of business in Illinois. The plaintiff seeks damages in excess of $75,000. *See* 28 U.S.C. § 1332(a). The defendant timely removed the case from state court pursuant to 28 U.S.C. § 1441(a).

On June 9, 2014, the plaintiff, Harold Owen, was shopping at a retail store in Abingdon, Virginia, operated by defendant Kmart Corporation. While pushing a cart down one of the aisles, which contained shelves stocked with liquid laundry and dish detergents, the plaintiff slipped on a puddle of liquid on the floor and fell, injuring himself. The plaintiff denies seeing the substance on the floor prior to his fall. The puddle of liquid was light orange in color and according to a Kmart employee, was "[a]bout a foot puddle" or "a foot circle," located close to the shelves. Clark Dep. 60:22-24, 61:15-19, ECF No. 34-4. The employee found a bottle on the shelf that had "some" liquid missing "and the tab had been like somebody pushed their thumb through the tab, and the bottle was closed." *Id.* 49:4-7. Prior to the incident, no employees were aware of the liquid being on the floor and only learned of it as a result of the plaintiff's fall. A Kmart employee had traveled down the same aisle approximately ten minutes prior to the accident and did not see any substance on the floor.

Following discovery, Kmart has moved for summary judgment in its favor. It argues that, pursuant to Virginia law, summary judgment is appropriate because it had no knowledge or notice of the substance on the floor. The motion is ripe for decision, having been fully briefed by the parties.[2]

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994).

Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party "need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.,* 33 F.3d 390, 393 (4th Cir. 1994) (internal quotation marks and citations omitted). Summary judgment is not "a disfavored procedural shortcut," but rather is a valuable mechanism for excluding "claims and defenses [that] have no factual basis." *Celotex,* 477 U.S. at 327. It is the "affirmative obligation of the

trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotations marks and citations omitted).

### III.

Virginia substantive law governs this diversity action. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). In Virginia, the law applicable to slip-and-fall cases is well settled. *See Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990). A land owner "must use ordinary care to keep his premises reasonably safe for an invitee, although he is not an insurer of the invitee's safety." *Tate v. Rice*, 315 S.E.2d 385, 388 (Va. 1984). In the absence of any evidence tending to show that a landowner knew, or should have known by exercise of reasonable diligence, of the defect or unsafe condition, the landowner will not be liable for injuries caused by some defect or unsafe condition in the premises. *See Roll 'R' Way Rinks, Inc. v. Smith*, 237 S.E.2d 157, 161 (Va. 1977).

Kmart argues that summary judgment is appropriate because it had no knowledge of any defect or hazardous condition, which in this case was the substance on the floor. In the absence of evidence showing that some affirmative conduct of the defendant caused the condition, the plaintiff must show that the defendant had actual or constructive knowledge of the condition. *Ashby v. Faison & Assocs., Inc.*, 440 S.E.2d 603, 605 (Va. 1994).

"In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima faci*e case of negligence." *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 889 (Va. 1993). The applicable standard is whether the defendant "knew or should have known, of the presence of the [defect] that caused [the plaintiff's] fall and failed to remove it within a reasonable time or to warn of its presence." *Ashby*, 440 S.E.2d at 605.

Here, the plaintiff has produced no evidence that any Kmart employee had actual knowledge of the spilled substance on the floor prior to the plaintiff's fall. Indeed, the evidence is clear that the store employees first learned about the substance as a result of the plaintiff's fall. Instead, the parties are agreed that the crucial issue is whether Kmart had constructive knowledge of the spilled substance prior to the plaintiff's fall.

Constructive knowledge of a defect or dangerous condition on the premises may be established by evidence that the condition "was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim,* 434 S.E.2d at 890. Here, the plaintiff has produced no evidence as to when or how long the substance had been on the floor. Without any such evidence, the plaintiff's claim must fail. *Id.*; *see also Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 454 (4th Cir. 2004).

In the present case, the plaintiff did not see the substance prior to his fall and does not know whether the substance was there at the time of his arrival. Therefore, it is impossible to draw any positive inferences about when the substance first appeared on the floor or how much time had passed to allow the defendant's employees an opportunity to discover it. In fact, an employee had traveled down the same aisle approximately ten minutes prior to the incident and stated that he did not see any spilled substance at that time. Thus, the plaintiff is unable to prove that the condition existed for a sufficient time to charge the defendant with constructive notice of it, and a jury could only reach such a conclusion "as the result of surmise, speculation and conjecture." *Colonial Stores, Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962).

Relying on an Alabama state case, *Kenney v. Kroger Co.,* 569 So. 2d 357 (Ala. 1990), the plaintiff argues that because of the amount of liquid on the floor — enough to make a "foot circle" and to wet the plaintiff's clothing — a jury could infer that the substance had been on the floor a sufficient amount of time that it should have been detected and to further disbelieve the otherwise uncontradicted testimony that there had been no substance on the floor ten minutes before the plaintiff's fall. Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. 10-11, ECF No. 34. Indeed, the plaintiff argues that the jury could believe that the liquid had been on

the floor for more than an hour, in light of the fact that the store was near closing time and that there were few customers present. *Id.* at 10.

I do not accept the plaintiff's argument. There is no evidence in the present record that would allow a jury to determine, beyond pure speculation, the amount of time that the puddle of liquid dish detergent had been on the store's floor. *See Tidd v. Walmart Stores, Inc.,* 757 F. Supp. 1322, 1324 (N.D. Ala. 1991) (rejecting *Kenney* on the ground that its holding was based upon the state standard for summary judgment). As in *Tidd*, there is no evidence of a dripping container or other facts that would raise a proper question of fact as to constructive notice. *See id.* Indeed, the only evidence on the subject indicates that the liquid detergent may have been poured onto the floor. How, or when that happened, is equally speculative. Accordingly, the plaintiff has failed to prove the prima facie element of notice, and I find that summary judgment must be awarded in favor of the defendant.[3]

IV.

It is therefore **ORDERED** that the defendant's Motion for Summary Judgment (ECF No. 30) is GRANTED. A separate final judgment will be entered herewith.

---

[3] The defendant also argues that Owen was contributorily negligent. Because I am granting summary judgment in favor of the defendant based on its constructive notice argument, it is not necessary for me to decide whether contributory negligence is a bar to the plaintiff's recovery.

ENTER: September 7, 2017

/s/ James P. Jones
United States District Judge